

IN THE
TENTH COURT OF APPEALS
_____

No. 10-14-00010-CV

WILLIE O. FLENTGE, JR. AND
CHARLES RAY FLENTGE,

                                        Appellants

 v.

DANIEL W. JUNEK, INDEPENDENT EXECUTOR
OF THE ESTATE OF WILLIE O. FLENTGE, SR.,

                                        Appellees

_____

From the 21st District Court
Burleson County, Texas
Trial Court No. 27,040

_____

CONCURRING OPINION

_____

The pleadings and the briefing filed by the parties in this proceeding make a

logical and internally consistent opinion virtually impossible.  My colleagues have,

nevertheless, addressed and resolved the issues raised and the responses thereto.  In

this concurring opinion I will endeavor to cut to the chase so that subsequent readers of

the memorandum opinion understand its precedential limitations to the facts and legal

arguments presented by the parties and not as an endorsement of the pleadings or the

procedures used in this proceeding to obtain a result.

STANDING

There is little doubt that brothers Willie and Charles have standing to contest the validity of Father's will. If the 2008 will was determined to be invalid, the 1979 will would be considered for probate. It is alleged that the provisions of the 1979 will provided that Willie and Charles would be beneficiaries thereof. As such, it is beyond dispute they are persons-interested-in-the-estate of Father within the meaning of the Estates Code.

But the real standing issue is whether they have standing in this proceeding to compel the independent executor of Father's estate to tender the shares in Ranch to the corporation under the stock transfer clause in Ranch's by-laws. This issue should not be before this Court at this time. First, that issue has been ruled on in another suit, which is apparently still pending, regarding corporate governance of Ranch. For Willie and Charles to have standing to bring that issue before any court, they, as shareholders of Ranch, would have to show the corporation had a right that it had failed to exercise on behalf of its owners, in essence a shareholders' derivative suit. That is not what this suit is. This is a will contest. It is the shareholders' derivative action attempted to be maintained in this will contest suit that Willie and Charles do not have standing to bring based on the evidence presented in the summary judgment proceeding; but that is a non-issue in this will contest suit.

UNDUE INFLUENCE, FRAUD AND LACK OF TESTAMENTARY CAPACITY

Notwithstanding this is a will contest, Willie and Charles presented no evidence

to show that Father's will was the result of undue influence (fraud or coercion) or that Father lacked mental capacity at the time the will was executed. Because the will had already been admitted to probate, the burden was on Willie and Charles to establish the elements of a proper will contest and they wholly failed to do that in response to the Independent Executor's no-evidence motion for summary judgment. Having failed to present sufficient evidence of even a prima facie claim regarding the invalidity of Father's will, the trial court correctly granted the no-evidence motion for summary judgment.

**ACTIONS OF THE INDEPENDENT EXECUTOR**

The actions of the Independent Executor of Father's will regarding the failure to tender Ranch stock to the corporation is a convoluted problem for Willie and Charles. If they had been successful in challenging the validity of Father's will, the defrocked Independent Executor would have to account for his actions in the method of the disposition of Ranch stock. Alternatively, whether or not the challenge to Father's will is successful, as discussed above, they have no standing in this will contest suit to challenge the actions of the duly appointed independent executor as it relates to the tender of shares of Ranch pursuant to the stock transfer restriction.[1] But this gets really twisted when you consider that now Mother, the sole beneficiary of Father's will has also passed. But whatever is going on in Mother's estate has, apparently, not found its

---

[1] Having lost the will contest, and because they are not beneficiaries of Father's will, Willie and Charles are not in a position to compel an accounting of the actions of the independent executor or a distribution of Father's estate.

way into complicating what the independent executor is doing in Father's estate.

**SUMMARY**

Thus, notwithstanding that the bulk of the briefs in this appeal related to the interpretation of a stock transfer restriction in the corporate bylaws of Ranch, that interpretation is not properly before this Court and is therefore not an issue upon which the Court is rendering an opinion or judgment.

**CONCLUSION**

With these comments, I respectfully concur in the judgment affirming the trial court's order that denies Willie and Charles's will contest and denies any other requested relief.[2]

TOM GRAY
Chief Justice

Concurring opinion issued and filed November 13, 2014



---

[2] Actually, the trial court erred when he found that because they failed to present any evidence of fraud, undue influence, or lack of testamentary capacity, Willie and Charles lacked standing and therefore dismissed Willie and Charles's will contest. In its fundamental result, this disposition is essentially the same as entry of a take nothing judgment on their will contest claim which would have been the technically correct form of judgment. Given the confusion created by the parties and the failure to cleanly present and argue the issues, I cannot fault the trial court for this oversight; and the parties do not argue that dismissal of the claim was harmful error when a take nothing would have been the correct judgment.